IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ellen F. Cartee, | ) | C/A No. 3:08-4132-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Wilbur Smith Associates, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Ellen F. Cartee ("Cartee"), brings this employment discrimination action alleging violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, as well as a state law breach of contract claim.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the motion of the defendant, Wilbur Smith Associates ("Wilbur Smith"), for partial judgment on the pleadings or, in the alternative, for summary judgment on Cartee's breach of contract claim. (Docket Entry 17.)

Cartee filed a response in opposition to the defendant's motion. (Docket Entry 19.) The defendant filed a reply. (Docket Entry 20.) Additionally, Cartee filed a supplemental memorandum in opposition to the defendant's motion in which she asked the court to consider additional exhibits. (Docket Entry 22.) The defendant filed a reply to Cartee's supplemental response. (Docket Entry 23.) It also filed a letter on October 5, 2009, in which it provided the court with a recent United

---

[1] Cartee also filed a separate action, also currently pending before the court, alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and a state law breach of contract claim. See C/A No. 3:09-1974-JFA-PJG. Additionally, the defendant has moved to strike certain allegations relating to gender discrimination from the instant action. (See Minute Entry, Docket Entry 33.) That motion is the subject of a separate order filed contemporaneously herewith.

Page 1 of 7

States Supreme Court decision pertaining to its motion. (Docket Entry 31.) This motion is now before the court for a Report and Recommendation.

## BACKGROUND

Viewed in the light most favorable to Cartee, the following facts appear pertinent to the resolution of the defendant's motion. Cartee was employed as a graphic designer for Wilbur Smith, an engineering firm, from 2001until her termination in 2007. In 2006, Jamie Powell became the supervisor of the newly restructured Carolinas Marketing and Proposal Services Team, of which Cartee was a member. In 2006, Cartee, then in her late forties, began receiving negative evaluations in spite of her demonstrated artistic performance. Cartee complained to management. In 2007, Wilbur Smith terminated Cartee's employment on the stated ground of excessive tardiness.

Effective October 23, 2006, Wilbur Smith instituted the following policy via its employee handbook.

**Policy**
It is important that individuals are treated fairly and receive prompt responses to problems. Wilbur Smith Associates supports an open door-door policy and procedure to promote timely and responsible resolution of issues. Employees are encouraged to discuss any problems or concerns they have with their supervisor, Firm Management/Operation Managers or Human Resources Department. Employees may use the Open-Door Policy without fear of retaliation.

1. **Step One: Discuss Concern with Immediate Supervisor**
   Employees may choose to first discuss the concern with their immediate supervisor.

2. **Step Two: Meet with the Director of Human Resources**
   If the employee is not satisfied with the solution offered by their immediate supervisor or the employee chose not to discuss the concern with their supervisor, a meeting should be requested with the Director of Human Resources.



> 3. **Step Three: Meet with an appropriate Senior Management/Operations Manager**
> If the employee is not satisfied with the solution offered by the Director of Human Resources, the employee should request a meeting to discuss the matter with an appropriate Senior Management/Operations Manager. After discussion with the employee the Senior Management/Operations Manager shall confer with the Direction [sic] of Human Resources regarding the issue. The Senior Management/Operations Manager in conjunction with the Director of Human Resources shall have the final resolution authority regarding the concern.

(Compl. ¶¶ 39, 40, Docket Entry 1 at 6-7.) Cartee claims that the policy constitutes a contract under state law, which Wilbur Smith violated when it discharged her.

## DISCUSSION

**A.     Judgment on the Pleadings Standard**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings after the pleadings are closed. A motion for judgment on the pleadings should be granted when viewing the facts in the light most favorable to the non-moving party, there remain no genuine issues of material fact, and the case can be decided as a matter of law. Tollison v. B & J Machinery Co., 812 F. Supp. 618, 619 (D.S.C. 1993). In considering a motion for judgment on the pleadings, the court applies the same standard as for motions made pursuant to Rule 12(b)(6). Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter,

Page 3 of 7

*PJG*

accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**B.      Breach of Contract Claim**

Under South Carolina law, employment relationships are generally at will. Prescott v. Farmers Tel. Coop., Inc., 516 S.E.2d 923, 925 (S.C. 1999). "[A]n at-will employee may be terminated at any time for any reason or no reason, with or without cause." Stiles v. American Gen. Life Ins. Co., 516 S.E.2d 449, 450 (S.C. 1999). South Carolina law recognizes that an employee's at-will status may be altered by the terms of an employee handbook. See Connor v. City of Forest Acres, 560 S.E.2d 606, 610 (S.C. 2002). To alter the at-will employment relationship, the handbook must contain contractually binding language. See Grant v. Mount Vernon Mills, Inc., 634 S.E.2d 15, 20 (S.C. Ct. App. 2006) (discussing the three requirements for an employee handbook to form an employment contract). Non-mandatory and permissive language in a handbook or policy is insufficient to create a binding agreement. See Hessenthaler v. Tri-County Sister Help, Inc., 616 S.E.2d 694, 698 (S.C. 2005); Storms v. Goodyear Tire & Rubber Co., 775 F. Supp. 862, 866-67 (D.S.C. 1991). To create a contract, the policy language "must be definitive in nature, promising specific treatment in specific situations." Hessenthaler, 616 S.E.2d at 698.

An employer may avoid being contractually bound by the provisions of a handbook, personnel manual, or other document issued by an employer, however, if it includes a conspicuous disclaimer. S.C. Code Ann. § 41-1-110; see also Grant, 634 S.E.2d at 20. The disclaimer must

PJG

appear in underlined, capitalized letters on the first page of the document, and, if it is part of a handbook, it must be signed by the employee. S.C. Code Ann. § 41-1-110.

Cartee argues that the defendant's motion to dismiss should be denied because Wilbur Smith's disclaimer of contractual liability is not conspicuous. The court need not reach the issue of the adequacy of the disclaimer, however, as the handbook language upon which Cartee's Complaint relies is insufficient to contractually alter her at-will employment status. See Grant, 634 S.E.2d at 20. The policy language relied upon by Cartee merely asserts a general policy of non-discrimination and non-retaliation in terms that courts have held are not contractually binding. For example, the policy observes that "[i]t is important that individuals are treated fairly" and that Wilbur Smith "supports an open door-policy." It "encourage[s]" employees to discuss problems or concerns with their supervisor or other management staff. It states that "[e]mployees may use the Open-Door Policy without fear of retaliation." (Compl. ¶¶ 39-40, Docket Entry 1 at 6-7.) Such wording is not sufficient to constitute an actionable promise. See King v. Marriott Int'l, Inc., 520 F. Supp. 2d 748 (D.S.C. 2007) (holding that the employer's "promise that 'there will be no discrimination or recrimination' against an employee who asserts a complaint against the Company" does not create a contract); Grant, 634 S.E.2d at 21 (holding that the policy statement that the employer will be "fair and just" did not create a contract); see also Frasier v. Verizon Wireless, C/A No. 8:08-356-HMH, 2008 WL 724037 (D.S.C. March 17, 2008) (holding that an employee code of conduct that included a prohibition of "retaliation against employees who, in good faith, submit or participate in the investigation of any complaint" did not alter the employee's at-will status).

Cartee also argues that the motion to dismiss should be denied because she does not have a copy of the entire handbook and that, although she asked for one in discovery, the parties

PJG

subsequently agreed to suspend discovery until after the motions were resolved. (Pl.'s Resp. in Opp'n to Mot. for Partial J. on the Pleadings at 13, Docket Entry 19 at 13.) For the reasons stated above, the court finds that the allegations of the Complaint do not state a claim for breach of contract under South Carolina law. However, in an abundance of caution, the court recommends that the defendant be required to respond to that discovery request and to provide the plaintiff with a complete copy of the applicable handbook. The plaintiff should be granted twenty-one days from the date of service of the discovery response to file a motion to amend the Complaint, if warranted.

## RECOMMENDATION

Accordingly, the court recommends that the defendant's motion for partial judgment on the pleadings with regard to Cartee's breach of contract claim (Docket Entry 17) as stated in the Complaint be granted. The court further recommends that the plaintiff be given twenty-one days from the date of service of the defendant's discovery response containing a copy of the entire handbook to file a motion to amend the breach of contract claim if one is warranted. In light of these recommendations, the court further recommends that the Defendant's Motion for a Protective Order (Docket Entry 18) be terminated.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 3, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).