IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ellen F. Cartee, | ) | C/A No.: 3:08-4132-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Wilbur Smith Associates, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's report and recommendation made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g) (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a <u>de novo</u> determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

I.   Factual and Procedural History

Plaintiff Ellen F. Cartee ("Cartee") began employment as a graphic designer with defendant Wilbur Smith Associates, Inc., ("Wilbur Smith") in its Columbia, South Carolina office on or about August 6, 2001, when Cartee was forty three years old. The complaint indicates that Cartee received numerous commendations and accolades between August 2001 and July 2006. (Compl. ¶¶ 16–24.) However, on July 22, 2006, Cartee's original supervisor was replaced by Jamie Powell ("Powell") and performance reviews turned sharply critical of her work product. (Compl. ¶ 32.) On August 12, 2007, Cartee approached Powell and Wilbur Smith's human resources department to discuss what Cartee alleges was Powell's discriminatory treatment of her. On October 9, 2007, Powell issued Cartee a "final warning," containing allegations of poor job performance. (Compl. ¶ 43.)

Wilbur Smith terminated Cartee, then forty seven, on December 7, 2007, for excessive tardiness. Cartee thereafter filed a Charge of Discrimination based on Age and Retaliation ("Age Charge") against Wilbur Smith with the South Carolina Human Affairs Commission ("SCHAC") on May 21, 2008. SCHAC transferred the Age Charge to the Greenville District Office of the Equal Employment Opportunity Commission, who closed the file and issued a notice of right to sue on September 25, 2008.

Cartee filed suit in the United States District Court for the District of South Carolina on December 24, 2008, asserting claims for (1) age discrimination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.; (2)

retaliation pursuant to 42 U.S.C. § 1981; (3) breach of contract; and (4) negligent supervision.

Wilbur Smith filed a motion for judgment on the pleadings, or in the alternative for partial summary judgment [dkt. # 17]. Specifically, Wilbur Smith moved for a ruling (1) that the court lacks subject matter jurisdiction over any Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") claims; (2) that Cartee failed to allege facts sufficient to state a claim pursuant to § 1981; (3) that Cartee failed to allege facts sufficient to state a claim for breach of contract, and (4) that Cartee's claim for negligent supervision is barred by South Carolina worker's compensation law.

The motion for partial summary judgment was fully briefed and the Magistrate Judge held a hearing on January 7, 2010, where Cartee disclaimed any and all claims pursuant to Title VII in the present case and abandoned her negligent supervision claim. Cartee also substituted all references in the complaint to § 1981 with references to 29 U.S.C. § 623(d). Also at the hearing, Wilbur Smith orally moved to strike gender discrimination allegations from paragraphs 1, 52, 60, 61, and 62–65; Cartee agreed to remove such allegations from paragraphs 63–65. The Magistrate Judge took both the motion for partial summary judgment and the oral motion to strike under advisement.

The Magistrate Judge issued her report and recommendation on Wilbur Smith's motion for summary judgment (the "Summary Judgment Report") [dkt. # 34] on February 3, 2010, recommending further discovery on the breach of contract claim—the sole

remaining claim subject to Wilbur Smith's partial motion for summary judgment. Also on February 3, 2010, the Magistrate Judge granted, by written order, Wilbur Smith's motion to strike the remaining gender discrimination allegations from the complaint. [dkt. # 35.] The Magistrate Judge noted in her order that to the extent Wilbur Smith's motion to strike is more appropriately characterized as a motion for judgment on the pleadings, the Magistrate Judge's order should properly be regarded as a report and recommendation. Out of an abundance of caution, the court has determined to treat the motion as such and to designate the order as the "Strike Report."

At the hearing on Wilbur Smith's motion for summary judgment, each claim on which Wilbur Smith sought summary judgment was mutually resolved or withdrawn save the breach of contract claim. The Summary Judgment Report recommended limited additional discovery to flesh out the breach of contract claim and the court adopts that recommendation for the reasons stated in the Summary Judgment Report.

Cartee was notified of her right to file objections contemporaneously with the issuance of the Summary Judgment Report. However, Cartee's two objections appear to relate solely to the Strike Report [dkt. # 37]. Wilbur Smith responded to Cartee's objections and set forth its argument in support of the Summary Judgment and Strike Reports [dkt. # 39].

II.  Discussion

   A.  Cartee's Motion for Summary Judgment

The court finds the Magistrate Judge's Summary Judgment Report comprehensive, thorough, and soundly reasoned, and the record reveals no specific objections to the Summary Judgment Report by either party. Accordingly, the court adopts the Summary Judgment Report in full. See Wallace, 791 F. Supp. at 138. See also Canby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.")

   B.  Wilbur Smith's Motion to Strike

The Magistrate Judge's Strike Report also recommended disallowing, or striking, gender discrimination allegations in paragraphs 1, 52, 60, 61, and 62–65 of the complaint. Cartee objects to the Magistrate Judge's Strike Report on two bases. First, Cartee argues that the law allows age plus gender suits pursuant to the ADEA. Second, Cartee argues that the court should allow reference to gender discrimination in the age discrimination claim. The court will address Cartee's objections in turn.

   1.  Cartee Seeks to Assert an "Age Plus Gender" Claim Pursuant to the ADEA

In issuing her Strike Report, the Magistrate Judge recommended that Cartee's failure to timely exhaust her administrative remedies should operate to prevent such allegations from supporting her ADEA based age-plus-gender claim. (Strike Report 7.) Cartee objects to the

Magistrate Judge's recommendation, arguing that no binding precedent supports such a position and that the court should recognize her putative age plus gender claim.

The United States Supreme Court in Gross v. FBL Fin. Serv's, Inc., __U.S.__, 129 S. Ct. 2343 (2009), found that the ADEA does not authorize a mixed-motive age discrimination claim. The Court determined that in order for a plaintiff to prevail under the ADEA, the plaintiff must establish by a preponderance of the evidence that age was the "but for" reason the employer took the adverse action, rather than simply a motivating factor. Id. at 2350, see also Mora v. Jackson Memorial Foundation, Inc., __F.3d__, *2, 2010 WL 610263 (11th Cir. February 23, 2010) ("[A]n ADEA plaintiff must establish "but for" causality . . . the employer either acted "because of" the plaintiff's age or it did not."). Applying these pronouncements to the facts at hand, Gross appears to prohibit claims asserting "an intersection of motives" brought pursuant to the ADEA, as only the age motive truly matters. See, e.g., Serafinn v. Local 722, No. 08-1114, __F.3d__, 2010 WL 851411, at *5 (7th Cir. Mar. 12, 2010) ("[M]ixed-motive theories of liability are always improper in suits brought under statutes without language comparable to the Civil Rights Act's authorization of claims that an improper consideration was "a motivating factor" for the contested action."). However, Gross addressed the burden of persuasion at trial, and several courts to have considered Gross have questioned the appropriate breadth of its application beyond that context. See, e.g., Misner v. Potter, No. 07-330, 2009 WL 1872598, at *5 n.2 (D. Utah June 26, 2009) ("The court does not understand Gross as altering the use of the

6

McDonnell Douglas framework at summary judgment on ADEA cases."), accord Miller v. HSBC Fin. Corp., No. 08-1942, 2009 WL 3233490, at *10 n.12 (D.S.C. Sept. 29, 2009) ("In the absence of further direction from the Supreme Court [in the summary judgment context], the undersigned must follow Fourth Circuit precedent, which applies the McDonnell Douglas framework to ADEA claims."); Riley v. Vilsack, 665 F. Supp. 2d 994, 1006 (W.D. Wis. 2009) ("Gross cannot be part of any "trend" relating to pleading standards when it had nothing to do with pleading, but rather the proper standard of proof under the ADEA."). Accordingly, the court is constrained to conclude that Gross is not directly on point regarding a judgment on the pleadings, though through clarifying the burden on a plaintiff, Gross necessarily weighs in on the relevance of evidence of other motives.

Cartee argues, and the court notes, that many courts have recognized the viability of plus claims (e.g., gender plus race, race plus national origin) in the Title VII context. See Phillips v. Martin Marietta Corp., 400 U.S. 542 (1971) (sex plus pre-school age children ); Lam v. Univ. of Haw., 40 F.3d 1551 (9th Cir. 1994);; Hicks v. Gates Rubber Co., 833 F.2d 1406 (10th Cir. 1987) (sex plus race); Jefferies v. Harris County Cmty. Action Ass'n, 615 F.2d 1025 (5th Cir. 1980) (race plus gender). Cartee seeks to analogize plus claims in the Title VII context to her present ADEA claim. However, no United States Supreme Court opinion nor any published Fourth Circuit opinion appears to have explicitly addressed the propriety of an age plus suit brought under the ADEA. Moreover, courts that have addressed the question have expressly declined to extend plus claims to the ADEA. See Luce v.

7

Dalton, 166 F.R.D. 457 (S.D. Cal. 1996) (age plus claims are not recognized at law); see also Smith v. Bd. of County Comm'rs of Johnson County, 96 F. Supp. 2d 1177, 1187 (D. Kan. 2000) ("No district court has explicitly adopted an age-plus-gender theory of liability under the ADEA."); Kelly v. Drexel Univ., 907 F. Supp. 864, 875 n.8 (E.D. Pa. 1995) ("I find no authority to recognize an "age-plus-disability" discrimination claim under the ADEA.").

Cartee makes much of Arnett v. Aspin, 846 F. Supp. 1234 (E.D. Pa. 1994), where that court recognized a workplace discrimination claim based on alleged discrimination against women over forty. However, Arnett recognized a sex plus age claim pursuant to Title VII, and not the ADEA. Id. at 1240. Moreover, the same judge that decided Arnett, allowing the gender plus age claim, explicitly declined to recognize an age plus claim in Kelly, stating that "I find no authority to recognize an "age-plus-disability" discrimination claim under the ADEA." Kelly, 907 F. Supp. at 875 n.8. Accordingly, the court finds that it lacks the authority to recognize an age plus claim under the ADEA, and, pursuant to Gross, allegations that gender played a role in the decision to terminate Cartee appear to be irrelevant.

Cartee attempts to salvage the relevance of her gender discrimination allegations by relying on Evans v. Technologies App. & Serv. Co., 80 F.3d 954 (4th Cir. 1996). Evans addressed only the circumstance where a plaintiff sought to introduce allegations of discriminatory conduct that were time barred at the time the underlying Title VII claim was filed. Evans holds[1] that where time-barred allegations of discrimination are relevant as

---

[1] The Fourth Circuit's holding in Evans relies on the United States Supreme Court's finding in United Air Lines, Inc. v. Evans, 431 U.S. 553 (1977), that a "discriminatory act which is not made the basis for a timely

background evidence of discrimination, such allegations "might be admissible as evidence at trial to support" an otherwise proper claim. Id. In Evans, the relevant background information used to support Evans claim of sexual discrimination included an allegation of sexual harassment that was clearly time barred. Evans, 80 F.3d at 962–63. Importantly, the Fourth Circuit took up the background information on age discrimination separately and noted that "age discrimination does not necessarily flow from sex discrimination and vice versa." Id.

Here, the allegations of gender discrimination are not offered for the same purpose as in Evans or United Air. Here, the alleged gender discrimination took place contemporaneously with the alleged age discrimination and would not serve as background information, but rather as direct evidence of alleged discrimination against a subgroup. The court cannot allow creative pleading to accomplish what Cartee cannot do under law; namely, assert a mixed motive or age plus claim under the ADEA.

Accordingly, because Cartee voluntarily withdrew any Title VII claim from the case, because the ADEA does not allow age plus claims, and because the gender discrimination allegations do not constitute background under Evans and are not relevant under Gross, the court finds that any allegations involving gender discrimination are irrelevant and will not be admissible at trial.

---

charge . . . may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue." Id. at 558.

### 2. Cartee Asserts that Gender Allegations Should Remain in the Complaint

Based on the above, the court finds allegations of gender discrimination in the complaint irrelevant. However, the Magistrate Judge's use of Rule 12(f) to "strike from a pleading an insufficient defense of any redundant, immaterial, impertinent, or scandalous matter," in response to Wilbur Smith's motion was improper as it occurred after Wilbur Smith answered the complaint. Fed. R. Civ. P. 12(f) ("The Court may act . . . on motion by a party . . . [filed] before responding to the pleading."). However, the effect of the court's ruling on the gender allegations' relevance effects the same result—Cartee may not rely on such allegations in pursuing her ADEA claim.

## III. Conclusion

Based on the foregoing, the court adopts the Summary Judgment Report [dkt. # 34] in full, and grants Wilbur Smith's motion for partial summary judgment [dkt. # 17] on the breach of contract claim as pled in the complaint. The court declines to adopt the Strike Report [dkt. # 35] per se, however the court finds that Cartee's objections thereto lack merit and that the gender allegations are irrelevant—effecting the same result as if the allegations were stricken from the complaint.

For the reasons stated here and in the Summary Judgment Report, the court orders Wilbur Smith to submit an entire copy of the relevant employee handbook to Cartee by March 29, 2010. The court hereby grants Cartee leave to amend her complaint to replead

breach of contract by April 12, 2010. In light of the foregoing, Wilbur Smith's motion for

a protective order is hereby terminated [dkt. # 18].

    IT IS SO ORDERED.

March 22, 2010                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge