# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Ellen F. Cartee, | ) | C.A. No.: 3:08-4132-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Wilbur Smith Associates, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This employment litigation matter is before the court upon Plaintiff Ellen Cartee's ("Plaintiff") objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that this court grant Defendant Wilbur Smith Associates' motion for summary judgment. Defendant Wilbur Smith hired Plaintiff as a graphic designer in 2001, at which time Plaintiff was forty-three years old. Initially, Plaintiff's supervisor was Terri Powell, and despite expressing concerns about Plaintiff's productivity and tardiness, she gave Plaintiff favorable performance evaluations in 2003, 2004, and 2005. Then, in 2006, Defendant restructured the manner by which it conducted its marketing and proposal services. Instead of continuing to make individual offices responsible for their own marketing and proposal services, Defendant formed five new market and proposal teams, which would serve particular offices in different regions throughout the United States. Plaintiff accepted a position as a graphic designer for the Carolinas Team, and Jamie Powell, who was thirty-one years old at the time, ultimately became Plaintiff's new supervisor.

According to Plaintiff, shortly after Powell became her supervisor, he hired a graphic designer and two writers for his team, all of whom were younger than thirty years old. Then, at the end of 2006, Powell gave Plaintiff a negative performance evaluation, which Plaintiff disagreed with. According to Powell, he had observed continued, as well as additional, performance issues

from Plaintiff. Specifically, he commented, in part, that Plaintiff was a slow worker, who took longer to complete tasks than her position required; that she provided inconsistent work quality; and that she barely met her project deadlines, as she tended to sit on assignments until there was little time left to complete the task or have it reviewed. In response to her evaluation, Plaintiff commented that she found the new MAPS structure and responsibilities challenging; that she was "swimming in a bigger, different pond," now that she moved from a four-person team to a twelve-person team; and that, as the oldest on the team, she has been called the "matriarch." Plaintiff and management continued to work to resolve any problems and differences between them, but after numerous meetings and several warnings, Defendant terminated Plaintiff's employment in December of 2007 because her productivity and timeliness had not improved. At that time, Plaintiff was forty-nine years old, and she was replaced by a younger woman. Plaintiff ultimately filed this action against Defendant, alleging several claims including one for age discrimination and one for retaliation. Having reviewed the entire record, including Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

## LEGAL STANDARDS

### I. The Magistrate Judge's Report and Recommendation

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C.

§ 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

## II. <u>Legal Standard for Summary Judgment</u>

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56[a] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

## ANALYSIS

**I.  Age Discrimination Claim**

As discussed above, Plaintiff claims that Defendant subjected her to disparate treatment in violation of the Age Discrimination in Employment Act ("ADEA") by terminating her employment allegedly because of her age. The ADEA provides, in relevant part, "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a disparate-treatment claim under the ADEA, a plaintiff may avert summary judgment and establish his or her claim using one of two avenues of proof. *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 284 (4th Cir. 2004). First, a plaintiff may "prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs.*, 129 S. Ct. 2343, 2351 (June 18, 2009). In using this method, it is important to note that "[t]he burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision." *Id.* at 2352.

Alternatively, a plaintiff may proceed using the burden-shifting, or "pretext" framework.[1] *Hill*, 354 F.3d at 285. To prevail under the burden-shifting framework, Plaintiff must first show: (1) she is "a member of a protected class"—that is, 40 years or older; (2) she "suffered an adverse

---

[1]With respect to the evidentiary framework applied to a disparate treatment claim under the ADEA, the Fourth Circuit has continued to apply the burden-shifting method of proof pronounced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), *see Bodkin v. Town of Strasburg*, 2010 U.S. App. LEXIS 13290, at *4–5 (4th Cir. June 29, 2010), despite the Supreme Court's recent statement in *Gross* that it "has not definitively decided" whether the *McDonnell Douglas* framework, first developed in the context of Title VII cases, "is appropriate in the ADEA context." *Gross*, 129 S. Ct. at 2349 n.2.

employment action"; (3) she "was performing [her] job duties at a level that met [her] employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open" or she was replaced by a substantially younger person. *Id*. If Plaintiff can establish a prima facie case, the burden then shifts to the Defendant to produce a legitimate, nondiscriminatory reason for its actions against Plaintiff. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253–54 (1981). And if Defendant meets this burden of production, the burden then shifts back to Plaintiff to prove by a preponderance of the evidence that the employer's stated reasons were not its true reasons, but were a pretext for discrimination. *Hill*, 354 F.3d at 285. Of course, this burden of production to demonstrate pretext "merges with the ultimate burden of persuading the court that Plaintiff has been the victim of intentional discrimination." *Id.*

In this case, the Magistrate Judge first determined that Plaintiff offered insufficient direct evidence to establish that "but for" her age, she would not have been terminated, primarily because the proof offered by Plaintiff of alleged discriminatory remarks made in relation to Defendant's decision to terminate her employment were not offered in an admissible form. Plaintiff objects to this finding. In her objections, which mirrors her motion for summary judgment, Plaintiff again argues that there is direct evidence to support her age discrimination claim. She claims that Powell told one of her co-workers, Cara Johnson, that "Kim has a 'hard on' for Cartee, but I've got a plan . . . people like [Cartee] have been here long enough, so I can't touch them . . . I'm hoping they'll take the hint and find the door here and a new job somewhere else." (Objections at 8.) Plaintiff also claims that Powell told Cartee, in reference to Plaintiff, that "you can't teach old dogs new tricks." (*Id.*) The problem with this proof, as noted by the Magistrate Judge and Defendant, is that Plaintiff attempts to prove these statements were made by citing to her own deposition testimony and to Cara

5

Johnson's complaint in an unrelated lawsuit. The Magistrate Judge correctly determined that these statements constitute inadmissible hearsay within hearsay. In her objections, Plaintiff contends that these statements are admissible because they constitute an admission of a party-opponent, but this argument overlooks the fact that Plaintiff has not shown how each part of the combined statements conform with an exception to the hearsay rule. If, for the sake of argument, Powell's statements did constitute an admission by a party-opponent, and therefore were not hearsay, Plaintiff's attempts to state what Cara Johnson said to her still constitutes hearsay, absent an applicable exception, which Plaintiff has not argued. *See* Fed. R. Evid. 805 ("Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules."). Therefore, the court adopts the Magistrate Judge's findings that these statements are not admissible evidence, which survive Federal Rule of Civil Procedure 56(c)(2), and that Plaintiff has failed to make a direct showing that "but for" her age, she would not have been terminated.

The Magistrate Judge also found that Plaintiff could not satisfy the *McDonald Douglas* burden-shifting test because she could not satisfy one of the elements necessary to establish a prima facie case of age discrimination—that at the time of her termination, she was performing her job at the level that met the employer's legitimate expectations. In making this finding, the Magistrate Judge cited to the record, which reveals that not only did Powell document Plaintiff's problems with tardiness and productivity in 2006, but that Plaintiff's previous supervisor also documented Plaintiff's similar problems in 2003, 2004, and 2005. Therefore, the Magistrate Judge determined that no reasonable jury could find that requiring Plaintiff to come to work on time and to complete

assignments by their due date were sham expectations to disguise age discrimination. Plaintiff objects to this finding.

She contends that Defendant's performance expectations were illegitimate. To support this argument, Plaintiff argues that Powell was not distributing the work of the team evenly, and in particular, was giving Plaintiff less work than her co-workers. Because of this, Plaintiff contends that she received less work for which she could bill, making it impossible to meet her billable goals. (Objections at 11.) Therefore, Plaintiff argues it is unreasonable to expect Plaintiff to increase her productivity, when she was being prevented from doing so. (*Id.*) The problem with Plaintiff's argument is that Plaintiff's overall productivity was not the chief complaint from her supervisors, as much as it was Plaintiff's inability to complete individual assignments in a timely manner. For example, in Plaintiff's 2006 Employee Performance and Career Development Discussion, Powell noted that Plaintiff was a slow worker, who took longer to complete tasks than her position required; that she provided inconsistent work quality; and that she barely met her project deadlines, as she tended to sit on assignments until there was little time left to complete the task or have it reviewed. (Objections Ex. A.) Likewise, her prior supervisor, Terri Powell, noted in Plaintiff's 2003 performance evaluation that Plaintiff's productivity could improve and she was frequently tardy. (*Id.*) She made identical observations in her 2004 performance evaluation, when she stated that Plaintiff still was frequently tardy and that her productivity fell below the company's expectations, although Ms. Powell also indicated that Plaintiff dealt with some personal issues that year. (*Id.*) Therefore, the court agrees with the Magistrate Judge that Defendant legitimately expected Plaintiff to arrive to work on time and to abide by different projects' deadlines and that Plaintiff had not been meeting these expectations for several years. And for the same reasons just discussed, the court also

agrees with the Magistrate Judge's finding that, even if Plaintiff could establish a prima facie case of age discrimination, she has not presented sufficient evidence that Defendant's reasoning for terminating her employment—a lack of improvement in her productivity and timeliness—was pretextual.

The court is also not persuaded by Plaintiff's contention that, because her previous supervisor gave Plaintiff favorable reviews, despite acknowledging Plaintiff's problems with getting to work on time and with productivity, the jury could find that Powell was not critiquing Plaintiff in good faith. It is undisputed that Defendant restructured the way it operated its marketing and proposal services in 2005; therefore, Plaintiff's work environment changed significantly between the time when Terri Powell finished being Plaintiff's supervisor and when Jamie Powell became her supervisor, and Plaintiff acknowledged this change in her response to her 2006 performance evaluation. Therefore, comparing the two supervisor's evaluations offers little value to Plaintiff's case.

Lastly, Plaintiff attempts to make her case by arguing that Powell was the actual decision maker regarding her termination, and it was not Kim Jaynes, Powell's supervisor, and Tina Comalander, Defendant's human resources officer, that decided to terminate her, even though they were the ones who ultimately met with Plaintiff and terminated her employment with Defendant. Plaintiff believes there is sufficient evidence for the jury to find that Powell was the driving force behind the decision to terminate Plaintiff in order for him to hire a younger employee to work with. To support this argument, Plaintiff contends that Powell met with Jaynes and Comalander numerous times regarding his thoughts on Plaintiff's performance, in addition to the negative performance evaluations he gave Plaintiff.

The Fourth Circuit has stated that "Title VII and the ADEA do not limit the discrimination inquiry to the actions or statements of formal decisionmakers for the employer" because "such a construction of those discrimination statutes would thwart the very purposes of the acts by allowing employers to insulate themselves from liability simply by hiding behind the blind approvals, albeit non-biased, of formal decisionmakers." *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 291 (4th Cir. 2004). But, the Fourth Circuit has also made it clear that, "to survive summary judgment, an aggrieved employee who rests a discrimination claim under Title VII or the ADEA upon the discriminatory motivations of a subordinate employee must come forward with sufficient evidence that the subordinate employee possessed such authority as to be viewed as the one principally responsible for the decision or the actual decisionmaker for the employer." *Id.*

In this case, the Magistrate Judge found that Plaintiff failed to show that Powell was the one principally responsible for the decision to terminate Plaintiff's employment. Although Powell had meetings with Jaynes and Comalander about Plaintiff's performance, both Jaynes and Comalander submitted affidavits, in which they aver to receiving complaints about Plaintiff's work performance from other workers in the company as well. (Objections Exs. B, C.) Jaynes further attested to the fact that she worked with Plaintiff on a project in 2007 and became frustrated by delays in the completion in the project caused by Plaintiff. (Objections Ex. B ¶ 5.) Jaynes also attested to the fact that she received complaints from other members of Plaintiff's team about the fact that Plaintiff was not dependable and that she was aware of instances in which Powell had to give Plaintiff's work to another employee to finish when she did not come in or arrived to work too late to finish the work by the applicable deadline. (*Id.* ¶¶ 6–7.) Finally, Jaynes and Comalander stated that they personally reviewed Plaintiff's performance issues and made the decision to terminate her. (*Id.* ¶ 12; Ex. C ¶

9

19.) Moreover, Plaintiff never complained to either one of them of a belief that she was being treated unfairly due to her age. (*Id.* ¶ 12, Ex. C ¶ 19.) Based on this record, the Magistrate Judge concluded that, even in viewing the evidence in the light most favorable to Plaintiff, she failed to present sufficient evidence for a reasonable jury to conclude that Powell's evaluation of Plaintiff so influenced Jaynes and Comalander as to make him the actual decision maker. And after considering the same record and the same arguments, the court agrees with the Magistrate Judge's finding and adopts it. Therefore, the court grants Defendant's motion for summary judgment with respect to Plaintiff's age discrimination claim.

**II.     Retaliation Claim**

Plaintiff also asserts a retaliation claim against Defendant. To establish such a claim, Plaintiff must show that (1) she "engaged in protected activity, such as filing an EEO complaint;" (2) that Defendant "took adverse employment action against [her];" and (3) "a causal connection existed between the protected activity and the adverse action." *Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1998). Plaintiff contends that after receiving her 2006 employment review, she met with Defendant's human representatives numerous times . The Magistrate Judge assumed that Plaintiff's meetings with Defendant's human resources representatives constituted protected activity, and then concluded that Plaintiff failed to state a case for retaliation. More specifically, the Magistrate Judge found that Plaintiff failed to demonstrate a causal connection between her complaints about Powell and her termination. She found that Plaintiff never complained to Defendant's management, nor did it have any reason to know that she believed Powell was subjecting her to age discrimination. Instead, Plaintiff complained about Powell's management style and behavior towards her. Additionally, the Magistrate Judge concluded that even if Plaintiff had made out a prima facie case for retaliation, she

has failed to present evidence that Defendant's stated reason for her termination was a pretext for unlawful termination based on Plaintiff's opposition to Powell's alleged unlawful age discrimination. Plaintiff did not make any specific objections to these findings. Instead, Plaintiff merely resubmitted her motion for summary judgment; therefore, the court is not required to give any explanation for adopting these recommendations *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). As such, the court adopts the Magistrate Judge's recommendation and grants Defendant's motion for summary judgment as to Plaintiff's retaliation claim.

## CONCLUSION

Therefore, based on the foregoing, the Magistrate Judge's R&R is incorporated herein by reference, and Defendant Wilbur Smith's Motion for Summary Judgment is granted in its entirety.

IT IS SO ORDERED.

December 6, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge